David W. Wiltenburg
Christopher K. Kiplok
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for Plaintiff-Appellant
WestLB AG New York Branch

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>ENRON CORP., *et al.*,<br><br>                                                  Debtors. | Chapter 11<br>Case No.  01-16034 (AJG)<br><br>Jointly Administered |
| WESTLB AG NEW YORK BRANCH,<br><br>                                                  Plaintiff,<br><br>vs.<br><br>TPS MCADAMS, LLC, and<br>QUACHITA POWER, LLC,<br><br>                                                  Defendants. | Adv. Proc. No.  05-03214 (AJG) |

**DESIGNATION OF ITEMS FOR INCLUSION IN RECORD OF APPEAL**

WestLB AG New York Branch ("WestLB"), by and through its undersigned counsel, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby designates the record in support of its Notice of Appeal [Adv. Proc. Docket No. 56], to the United States District Court for the Southern District of New York, from the Order Granting Defendants' Motions to Dismiss the Amended Complaint, dated July 16, 2007 [Adv. Proc. Docket No. 55]

and entered by the United States Bankruptcy Court for the Southern District of New York in the above-referenced proceeding.

**Designation of Items to Be Included in the Record on Appeal[1]**

1. Order Transferring Case No. 03 CV 1157 from the U.S. District Court, S.D.N.Y. to the U.S. Bankruptcy Court, S.D.N.Y., dated October 13, 2005 and signed by Judge Deborah A. Batts (Adv. Proc. Docket No. 1).

2. Memorandum of Law in Support of Quachita's Motion to Refer or in the Alternative to Dismiss or Sever, dated May 9, 2003 (Adv. Proc. Docket No. 4).

3. Reply Memorandum of Law in Further Support of Quachita's Motion to Refer or in the Alternative to Dismiss or Sever, dated August 4, 2003 (Adv. Proc. Docket No. 5).

4. Affirmation of David S. Pegno, dated May 9, 2003 (Adv. Proc. Docket No. 6).

5. The Individual Defendants' Notice of Motion to Dismiss the Complaint, dated May 9, 2003 (Adv. Proc. Docket No. 7).

6. Memorandum of Law in Support of the Individual Defendants' Motion to Dismiss the Complaint, dated May 9, 2003 (Adv. Proc. Docket No. 8).

7. Reply Memorandum of Law in Further Support of the Individual Defendants' Motion to Dismiss the Complaint, dated August 18, 2003 (Adv. Proc. Docket No. 9).

8. Letter to Judge Gonzalez, from Anthony Paduano on Behalf of the Individual Defendants, dated January 12, 2006 (Adv. Proc. Docket No. 10).

9. Notice of Motion to Dismiss the Complaint filed by TPS McAdams, LLC, dated April 21, 2003 (Adv. Proc. Docket No. 13).

10. Memorandum of Law of Defendant TPS McAdams, LLC in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6), dated April 21, 2003 (Adv. Proc. Docket No. 14).

11. Declaration of Stephen R. Blacklocks, dated April 21, 2003 (Adv. Proc. Docket No. 15).

12. Reply Memorandum of Law of Defendant TPS McAdams, LLC in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6), dated June 27, 2003 (Adv. Proc. Docket No. 16).

---

[1] Each designated item shall also include any exhibits or attachments to such item.

13. Complaint, dated February 20, 2003 (Adv. Proc. Docket No. 18).

14. Plaintiff's Memorandum of Law in Opposition to the Motion to Refer to the Bankruptcy Court or Dismiss Pursuant to Rule 12(b)(6) of Defendant SNC-Lavalin Constructors, Inc., dated July 9, 2003 (Adv. Proc. Docket No. 19).

15. Plaintiff's Memorandum of Law in Opposition to the Individual Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), dated July 9, 2003 (Adv. Proc. Docket No. 20).

16. Plaintiff's Memorandum of Law in Opposition to the Motions to Refer, Dismiss Pursuant to Rule 12(b)(6), and Sever of Defendant Quachita Power, LLC, dated July 9, 2003 (Adv. Proc. Docket No. 21).

17. Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss Pursuant to Rule 12(b)(6) of Defendant TPS McAdams, LLC, dated June 18, 2003 (Adv. Proc. Docket No. 22).

18. Notice of Motion to Dismiss the Complaint filed by SNC-Lavalin Constructors, Inc., dated May 9, 2003 (Adv. Proc. Docket No. 23).

19. Affidavit of David W. Dykhouse, dated May 9, 2003 (Adv. Proc. Docket No. 24).

20. Memorandum of Law of Defendant SNC-Lavalin Constructors, Inc. in Support of its Motion to Refer All Claims Against it to the Bankruptcy Court or to Dismiss Pursuant to Rule 12(b)(6), dated May 9, 2003 (Adv. Proc. Docket No. 25).

21. Reply Memorandum of Law of SNC-Lavalin Constructors, Inc. in Further Support of its Motion to Refer All Claims Against it to the Bankruptcy Court or to Dismiss Pursuant to Rule 12(b)(6), dated August 18, 2003 (Adv. Proc. Docket No. 26).

22. Transcript of Hearing held on March 23, 2006 regarding Motions to Dismiss (Adv. Proc. Docket No. 27).[2]

23. Opinion Granting Defendants' Motions to Dismiss All Claims with Leave to Replead Direct Fraud Claims, dated June 30, 2006 and signed by Judge Arthur J. Gonzalez (Adv. Proc. Docket No. 29).

24. Notice of Proposed Order Granting Motions to Dismiss, dated July 6, 2006 (Adv. Proc. Docket No. 30).

25. Proposed Counter Order with Respect to Defendants' Motions to Dismiss the Complaint, including Letter to Judge Gonzalez, from Robert C. Sentner on behalf

---

[2] Please note that the same transcript was also filed under Adv. Proc. Docket No. 28.

3

60002850_1.DOC

of WestLB A.G. (formerly Westdeutsche Landesbank Girozentrale), dated July 17, 2006 (Adv. Proc. Docket No. 32).

26. Notice of Presentment of Motion for an Order Pursuant to Local Rule 2090-1(e) for Replacement of Counsel of Record, dated July 28, 2006 (Adv. Proc. Docket No. 33).

27. Order Pursuant to Local Rule 2090-1(e) for Replacement of Counsel of Record, dated August 10, 2006 and signed by Judge Arthur J. Gonzalez (Adv. Proc. Docket No. 34).

28. Modification Concerning Opinion Granting Defendants' Motions to Dismiss All Claims with Leave to Replead Direct Fraud Claims, dated August 21, 2006 and signed by Judge Arthur J. Gonzalez (Adv. Proc. Docket No. 35).

29. Notice of Proposed Order Granting Motions to Dismiss, dated August 22, 2006 (Adv. Proc. Docket No. 36).

30. Order Granting Defendants' Motions to Dismiss the Complaint, dated August 30, 2006 and signed by Judge Arthur J. Gonzalez (Adv. Proc. Docket No. 37).

31. First Amended Complaint, dated October 30, 2006 (Adv. Proc. Docket No. 38).

32. Notice of Motion to Dismiss the First Amended Complaint, dated December 15, 2006 (Adv. Proc. Docket No. 41).

33. Memorandum of Law in Support of Quachita's Motion to Dismiss, dated December 15, 2006 (Adv. Proc. Docket No. 42).

34. Affirmation of David S. Pegno in Support of Quachita Power, LLC's Motion to Dismiss, dated December 15, 2006 (Adv. Proc. Docket No. 43).

35. Notice of Hearing of Defendant TPS McAdams LLC's Motion to Dismiss the First Amended Complaint, dated December 15, 2006 (Adv. Proc. Docket No. 44).

36. Memorandum of Law of Defendant TPS McAdams, LLC, in Support of its Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(6), dated December 15, 2006 (Adv. Proc. Docket No. 45).

37. Declaration of Brian V. Otero, dated December 15, 2006 (Adv. Proc. Docket No. 46).

38. Memorandum of Law of Plaintiff WestLB in Opposition to Defendants' Motions to Dismiss, dated January 26, 2007 (Adv. Proc. Docket No. 47).

60002850_1.DOC

39. Reply Memorandum of Law in Further Support of Quachita's Motion to Dismiss, dated February 16, 2007 (Adv. Proc. Docket No. 48).

40. Reply Affirmation of David S. Pegno in Further Support of Quachita Power, LLC's Motion to Dismiss, dated February 16, 2007 (Adv. Proc. Docket No. 49).

41. Reply Memorandum of Law of Defendant TPS McAdams, LLC, in Further Support of its Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(6), dated February 16, 2007 (Adv. Proc. Docket No. 50).

42. Corrected Transcript of Hearing held on March 29, 2007 regarding Motions to Dismiss the First Amended Complaint (Adv. Proc. Docket No. 52).

43. Opinion Regarding Motions by Defendants TPS McAdams, LLC and Quachita Power, LLC to Dismiss Amended Complaint, dated July 9, 2007 and signed by Judge Arthur J. Gonzalez (Adv. Proc. Docket No. 53).

44. Notice of Proposed Order Granting Defendants' Motions to Dismiss the Amended Complaint, dated July 9, 2007 (Adv. Proc. Docket No. 54).

45. Order Granting Defendant's Motions to Dismiss the Amended Complaint, dated July 16, 2007 and signed by Judge Arthur J. Gonzalez (Adv. Proc. Docket No. 55).

46. Notice of Appeal, dated July 25, 2007 (Adv. Proc. Docket No. 56).

- Continued on next page -

WestLB reserves the right to amend this Designation of Items for Inclusion in Record on Appeal.

Dated:  New York, New York
        August 6, 2007

                              Respectfully submitted,

                              HUGHES HUBBARD & REED LLP


                              By:  /s/ Christopher K. Kiplok
                                   David W. Wiltenburg
                                   Christopher K. Kiplok
                              One Battery Park Plaza
                              New York, New York 10004-1482
                              (212) 837-6000

                              Attorneys for Plaintiff-Appellant
                              WestLB AG New York Branch

David W. Wiltenburg
Christopher K. Kiplok
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for Plaintiff-Appellant
WestLB AG New York Branch

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: <br><br> ENRON CORP., *et al*., <br><br><br> Debtors. | Chapter 11 <br> Case No.  01-16034 (AJG) <br><br> Jointly Administered |
| WESTLB AG NEW YORK BRANCH, <br><br> Plaintiff, <br><br> vs. <br><br> TPS MCADAMS, LLC, and <br> QUACHITA POWER, LLC, <br><br> Defendants. | Adv. Proc. No.  05-03214 (AJG) |

**STATEMENT OF ISSUES ON APPEAL FROM ORDER GRANTING**
**DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT**

WestLB AG New York Branch ("WestLB"), by and through its undersigned counsel,

pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits the

following statement of issues in support of its Notice of Appeal [Adv. Proc. Docket No. 56] from

the Order Granting Defendants' Motions to Dismiss the Amended Complaint, dated July 16,

2007 [Adv. Proc. Docket No. 55].

60003543_1.DOC

**Statement of Issues**

1. On a motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), did the Bankruptcy Court err by impermissibly resolving factual issues when it dismissed the common law fraud claims against TPS McAdams, LLC ("McAdams") and Quachita Power, LLC ("Quachita") (First and Fourth Claims of the Amended Complaint), despite WestLB's allegations that on certain letters of credit McAdams and Quachita colluded with National Energy Production Corporation ("NEPCO") and made material false statements to effect improper draws in order to enjoy the proceeds of the letters of credit?

2. On a motion pursuant to FRCP 12(b)(6), did the Bankruptcy Court err when it dismissed the direct breach of warranty claims against McAdams and Quachita (Second and Fifth Claims of the Amended Complaint), by making the determination that no set of facts can be established to entitle WestLB to relief despite WestLB's allegations that McAdams and Quachita made material false statements in their presentations to WestLB, especially given the allegations that McAdams and Quachita cited provisions of their respective contracts where no default or failure of condition occurred, in order to draw down their respective letters of credit?

3. On a motion pursuant to FRCP 12(b)(6), did the Bankruptcy Court err when it dismissed the subrogated breach of warranty claims against McAdams and Quachita (Third and Sixth Claims of the Amended Complaint), by making the determination that no set of facts can be established to entitle WestLB to relief despite WestLB's allegations that McAdams and Quachita made material false statements in their presentations to WestLB in order to draw down their respective letters of credit, which Enron was applicant to and therefore required to reimburse WestLB for the draws?

4. On a motion pursuant to FRCP 12(b)(6), did the Bankruptcy Court err when it denied leave to amend the complaint to include the subrogation claims, on the grounds that such amendment would be futile given the prior allegations regarding the Swept Cash, even though the prior allegations are evidentiary material that should not be adjudicated on a motion to dismiss?

5. On a motion pursuant to FRCP 12(b)(6), did the Bankruptcy Court err when it denied leave to amend the complaint to include the subrogation claims, on the grounds that such amendment was unduly delayed, even though the amendment was made only four months after the Bankruptcy Court's June 30, 2006 Opinion Granting Defendants' Motions to Dismiss All Claims with Leave to Replead Direct Fraud Claims, two months after the Bankruptcy Court's August 21, 2006 Modification Concerning Opinion Granting Defendants' Motions to Dismiss All Claims with Leave to Replead Direct Fraud Claims and August 30, 2006 Order Granting Defendants' Motions to Dismiss the Complaint, and there was no undue prejudice against McAdams and Quachita?

- Continued on next page -

WestLB reserves the right to supplement or amend this Statement of Issues.

Dated:  New York, New York
        August 6, 2007

                            Respectfully submitted,

                            HUGHES HUBBARD & REED LLP


                            By:  /s/ Christopher K. Kiplok
                                 David W. Wiltenburg
                                 Christopher K. Kiplok
                            One Battery Park Plaza
                            New York, New York 10004-1482
                            (212) 837-6000

                            Attorneys for Plaintiff-Appellant
                            WestLB AG New York Branch

4